IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF GEORGIA
ALBANY DIVISION

| | | |
|---|---|---|
| **KELVIN DEWAYNE BEARD,** | : | |
| Petitioner, | : | |
| v. | : | |
| | : | NO. 1:13-CV-032-WLS-TQL |
| **Warden SCOTT FISHER,** | : | |
| | : | PROCEEDINGS UNDER 28 U.S.C. § 2254 |
| Respondent. | : | BEFORE THE U.S. MAGISTRATE JUDGE |

**ORDER & RECOMMENDATION**

Petitioner Kelvin Dewayne Beard submitted two "petitions" to this Court and paid a single filing fee. It appears that Petitioner seeks a writ of habeas corpus under 28 U.S.C. § 2254 in the first petition (ECF No. 1) and a writ of error coram nobis under the All Writs Act, 28 U.S.C. §1651(a), in the second (ECF No. 2).

To the extent Petitioner seeks relief under § 2254, he will be required to use the standard petition provided by this Court. The Clerk of Court shall thus forward Petitioner a copy of the standard form. Petitioner must complete this form and return it to the Court within **TWENTY-ONE (21) DAYS** from the date shown on this Order. Failure to comply with this Order will result in the dismissal of Petitioner's application for habeas relief.

Petitioner also apparently seeks a writ of error coram nobis vacating his 1998 conviction in the Decatur County Superior Court. The law in this Circuit is clear, however, that "coram nobis is not available in federal court as a means of attack on a state criminal judgment." Theriault v. Miss., 390 F.2d 657, 657 (5th Cir. 1968);[1] see also, Young v. Warden, FCC Coleman, 2013 WL 530596

---

[1] Bonner v. City of Prichard, 661 F.2d 1206, 1209 (11th Cir.1981) (en banc), we adopted as binding precedent all decisions of the former Fifth Circuit handed down prior to October 1, 1981.

at *2 (11th Cir. 2013) (". . . coram nobis in federal court is not a vehicle for challenging [state] convictions."). Because of this and Petitioner's failure to pay a second filing fee, it is **RECOMMENDED** that the "Petition for Writ of Error Coram Nobis" (ECF No. 2) be **DISMISSED**.

**SO ORDERED**, this 7th day of March, 2013.

*s/THOMAS Q. LANGSTAFF*
UNITED STATES MAGISTRATE JUDGE

jlr