IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF GEORGIA
ALBANY DIVISION

| | |
|---|---|
| KELVIN DEWAYNE BEARD, | : |
| Petitioner, | : |
| v. | : CASE NO.: 1:13-cv-32 (WLS) |
| SCOTT FISHER, Warden, | : |
| Respondent. | : |

## ORDER

Petitioner Kelvin Dewayne Beard filed this petition for a writ of habeas corpus under 28 U.S.C. § 2254 seeking to vacate a 1998 conviction in the Superior Court of Decatur County, Georgia. Although Beard is no longer in custody on his 1998 conviction, he apparently seeks to have that conviction vacated because it was used to enhance his guideline range on a federal sentence he is serving from the United States District Court from the Southern District of Ohio. On July 9, 2013, the Court dismissed Beard's petition on a preliminary review. Finding that Beard could not attack his state sentence under § 2254 because he was no longer "in custody" on that conviction, the Court construed his petition as a motion to vacate under § 2255. The Court then held that Beard was also not entitled to relief under § 2255 because he had previously filed a motion to vacate and because the Court did not have jurisdiction.

A few days after the Court dismissed his petition, Beard filed the pending "Motion and Response to the State of Georgia's Rebuttal to Petitioner['s] Writ of Habeas Corpus under U.S.C. 2254." (Doc. 19.) This motion appears to be a reply brief to the State of Georgia's response in opposition to Beard's petition. Because this filing was

1

styled as a "motion," it was marked for adjudication. Although the precise basis for the motion is unclear, the Court considers several possibilities.

First, to the extent Beard's motion seeks to amend his petition, it must be denied. The Court dismissed the petition because it was a successive petition and because the Court lacked jurisdiction. An amendment to the petition would be futile. No amendment will change the fact that this Court did not impose Beard's sentence and therefore does not have jurisdiction to vacate his sentence. *See* § 2255(a) (permitting federal prisoner to move "the court which imposed the sentence to vacate, set aside or correct the sentence").

Second, to the extent Beard's motion is a motion for a writ of coram nobis, it must also be denied. As the Court previously held, Beard cannot attack his state convictions in federal court through a petition for a writ of coram nobis. *Young v. Warden, FFC Coleman*, 508 F. App'x 918, 920 (11th Cir. 2013) ("Our law is clear . . . that coram nobis in federal court is not a vehicle for challenging [state court convictions]."). Additionally, Beard is not entitled to a writ of coram nobis for his federal conviction because he had other avenues for relief—namely, a motion to vacate under § 2255. *Alikhani v. United States*, 200 F.3d 732, 734 (11th Cir. 2000).

His motion (Doc. 19) is therefore **DENIED.**

**SO ORDERED**, this _____30th_ day of December, 2013.

                                                         _/s/ W. Louis Sands_
                                                        **W. LOUIS SANDS, JUDGE**
                                                        **UNITED STATES DISTRICT COURT**